IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**JEREMY L. DODDS**,

        Plaintiff,

  v.

**CITY OF EUGENE., et al.,**

        Defendants.

Civ. No. 6:23-cv-00092-AA

**OPINION & ORDER**

AIKEN, District Judge:

    Pro Se plaintiff Jeremy L. Dodds seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. for the reasons below, plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint. The Court also DENIES plaintiff's Application for Leave to Proceed IFP, ECF No. 2, but will renew the request at the time plaintiff files an amended complaint..

**LEGAL STANDARD**

    Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make

two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

As for the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendant and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should

construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant has a right to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff brings claims against state officials under 42 U.S.C. § 1983 for "assault and battery, false arrest, failure to submit evidence, and invasion of privacy." ECF No. 1 at 3. Plaintiff names as defendants individual officers in the Eugene Police Department: "Officer Drago, Officer Michael Breossord, Officer Bord, Officer Paoki, and Lieutenant ("L.T") Pope." *Id*. at 2-3. Plaintiff states that the police "threw [him] down unnecessarily" and put their knees in his back when he wasn't resisting. *Id.* at 3, 5. The Court has the authority to screen plaintiff's complaint for deficiencies prior to granting him leave to proceed IFP. 28 U.S.C. §1915(e)(2)(B).

### I. 42 U.S.C. § 1983 Claim

To state a claim under **§** 1983, a plaintiff must show that the defendant acted under the color of state law and deprived them of rights protected by the Constitution or federal statutes. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

#### A. Eugene Police Officers

Plaintiff did not specify under which constitutional provision he was suing. Liberally construing plaintiff's complaint, his claims against individual officers for excessive force and false arrest arise under the Fourth and Fourteenth Amendment.

State officials, when sued in their "personal capacity" for damages, are considered "persons" within the scope of § 1983. *Cornel v. Hawaii*, 37 F.4th 527, 531-32 (9th Cir. 2022). In such "personal-capacity" suits, the goal is to hold a government official individually liable for actions taken under the color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Liability in a personal-capacity suit can be established by demonstrating that the official directly caused the alleged constitutional injury. *Id.* at 166.

To state a claim under § 1983 against an officer in their personal capacity, plaintiff must allege that they suffered a specific injury because of a specific conduct of each officer and show an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-372 (1976). The inquiry into causation must be individualized and focus on the duties and responsibilities of each defendant whose actions or omissions are alleged to have caused the violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

## I. Excessive Force Claim

Plaintiff's claims excessive force against the officers who were arresting him. ECF No. 1 at 3. The Fourth Amendment is implicated when an excessive force is claimed in the context of an arrest or investigatory stop of a free citizen. *Graham v. Connor*, 490 U.S. 386, 394 (1989). When assessing an officer's use of force during a "seizure," courts apply the Fourth Amendment's "objective reasonableness" standard. *Id.* at 398. As the Ninth Circuit has held, "the force which [is] applied must be balanced against the need for that force." *Monegan v. City of Portland*, No. 3:13-cv-

2013-ST, 2015 U.S. Dist. LEXIS 116900 at *22 (D. Or. July 2, 2015) (quoting *Liston v. Cnty of Riverside*, 120 F.3d 965, 979 (9th Cir. 1997)). The plaintiff must also allege that the force was applied "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986).

An officer who is present and fails to intervene to prevent other law enforcement officers from violating a person's constitutional rights is liable under Section 1983. *Byrd v. Brishke*, 466 F.2d 6 (7th Cir. 1972) (an officer who knows about the unlawful conduct and has a realistic opportunity to intervene and prevent harm from occurring is liable).

For the excessive force claim, it is unclear what exactly happened other than that the police allegedly beat him up. *Id*. at 5 (stating, "officers tackled me and threw knees in my back when I wasn't resisting…") Plaintiff's allegations fail to adequately allege which officer specifically used excessive force, how each officer used excessive force, and the basis for each officer's lack of probable cause to believe that plaintiff had committed a crime.

## II.   False Arrest Claim

Likewise, claims involving arrest without probable cause, such as false arrest, are examined under Fourth Amendment standards. *Albright v. Oliver*, 510 U.S. 266, 274-75 (1994). "Arresting officers have probable cause, if, at the time of arrest, the facts, and circumstances within their knowledge and of which they have reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *Monegan*, 2015

U.S. Dist. LEXIS 116900 at *23 (citing *Connor v. Heiman*, 672 F.3d 1126, 1132 (9th Cir. 2012)).

When liberally construed, the complaint fails to state sufficient facts to support a Fourth Amendment claim false arrest against the arresting officers. Plaintiff must make clear in his complaint which officer unreasonably seized him. Here, the facts plaintiff alleges to support his claim only includes information about Officer Bord, who plaintiff alleges "ignored evidence." ECF No. 1 at 4. As supporting facts, plaintiff wrote that his arrest was "based on hearsay when I showed them I was being harassed and threatened" and being "erroneously accused of stalking." That is a fair start, but plaintiff will need to connect the dots between each officer, state what they did wrong, and state how it harmed plaintiff.

As discussed below, plaintiff's Fourth Amendment claims against the officers fail for these reasons. If plaintiff wishes to pursue false arrest or excessive force related claims, he must include more detailed allegations about the circumstances of his arrest and the individuals involved.

### III. Eugene Police Department / City of Eugene

In his complaint, plaintiff titles as a defendant "Eugene Police." *See* ECF No. 1 at 1. It is unclear to the Court whether plaintiff is intending to sue the Eugene Police Department as a whole, or if plaintiff used the short-hand term "Eugene Police" as a description of his lawsuit against the individual officers he named in the complaint. If plaintiff intended to name the Eugene Police Department, as an entity, in addition to the individual officers, he must sue the City of Eugene.

A "person" under § 1983 includes state and local officials sued in their personal capacities, like police officers. A "person" under § 1983 also includes municipal entities, like a city, and municipal officials who are city employees sued in an official capacity. But, under § 1983, a "person" does not include entities like police departments. *Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D. Cal. 1996). Municipalities (like cities) must be sued under a different legal theory as explained in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). If plaintiff wants to sue the Eugene Police Department as a whole, in addition to the individual officers, the proper defendant he must name is the City of Eugene. If plaintiff did not intend to sue the police department as a whole, he need not amend that part of his complaint.

To sue the City of Eugene under 42 U.S.C. § 1983, plaintiff must allege that their policies or customs caused the violation of plaintiff's federally protected rights. *Hyun Ju Park v. City & Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). To establish municipal liability, the unconstitutional action—like assault and battery that plaintiff experienced—must match with the policies the municipality has officially adopted. *Monell*, 436 U.S. at 690. Importantly, a plaintiff's task is to prove that the constitutional violation resulted from the municipality's policy or customs, not the actions of its employees. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A constitutional violation can arise from an official policy of a municipality through three distinct avenues: (1) when an employee's actions align with a clearly established official policy; (2) when an employee's conduct mirrors a longstanding practice or custom; or (3) when an employee functions as the final

decision maker. *Lytle v. Carl*, 382 F3d 978, 982 (9th Cir. 2004). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation of rights. *Monell*, 436 U.S. at 694.

In this case, even if we treat plaintiff's case as one brought against the city, plaintiff has failed to articulate an official policy, practice, or custom that caused a constitutional violation. Because the complaint does not name any policy, practice, or custom of the City of Eugene, plaintiff fails to state a plausible § 1983 claim against this defendant.

## INSTRUCTIONS

The Court gives plaintiff a chance to amend (update) his complaint. In amending the complaint, plaintiff should follow these instructions:

To state a claim of excessive force under the Fourth Amendment, plaintiff must provide facts explaining what each officer did that caused plaintiff harm under the Fourth Amendment. That means that plaintiff must (1) state facts for each individual officer; (2) explain what force they used and (3) how each use of force was excessive (unreasonable and intended to harm plaintiff); and (4) if applicable, plaintiff could also explain if an officer had a realistic opportunity to intervene but failed to prevent harm to plaintiff. An excessive force claim, a Court will consider what crime the officers thought plaintiff was committing and whether plaintiff posed a threat.

To state a claim of false arrest, plaintiff must state facts that show that the officers had no probable cause to arrest him. That means that, based on the facts at

the time of his arrest, no reasonable person could ever believe that plaintiff was committing a crime.

If plaintiff intended to sue the police department as a whole department—in addition to the individual officers—the proper defendant is the City of Eugene. Plaintiff should let the court know if he meant to sue the City of Eugene, then (1) tell the Court what policy or practice the City of Eugene has and how that policy or practice was the "moving force" or at the root of the constitutional violations plaintiff claims.

## CONCLUSION

For the reasons set forth above, plaintiff's Complaint, ECF No. 1, is DISMISSED with leave to amend. Application for Leave to Proceed IFP, ECF No. 2, is DENIED with leave to renew.

The Court will renew the Application for Leave to Proceed IFP when plaintiff files his updated Amended Complaint—he need not file the Application again.

Plaintiff will have thirty (30) days to file the Amended Complaint. Plaintiff is advised that failure to timely file an amended complaint will result in entry of a judgment of dismissal without further notice.

It is so ORDERED and DATED this ___31st___ day of October 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge